**ORIGINAL**

1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  EUDEEN Y. CHANG (SBN 211721)
   3161 Michelson Drive, Suite 1000
3  Irvine, California 92612
   Telephone: (949) 732-6500
4  Facsimile: (949) 732-6501

5  Attorneys for Defendant
   HOME DEPOT USA, INC.

6

7

FILED

08 JUN 20 PM 4: 05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  SANDRA ESCOBEDO,                    Case No. '08 CV 1099 JM AJB

12                        Plaintiff,    NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. § 1441(B)
13  vs.

14  HOME DEPOT USA, INC., a California
    Corporation, and DOES 1-10, Inclusive,
15
                          Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant HOME DEPOT USA, INC. (hereinafter collectively "Home Depot") hereby removes to this Court the state court action described below:

1.  On April 18, 2008, plaintiff Sandra Escobedo commenced an action against defendant Home Depot, in the Superior Court of the State of California for the County of San Diego, Case Number 37-2008-00070035-CU-PO-SC, entitled "*Sandra Escobedo v. Home Depot USA, Inc.*, by filing a Complaint, a true and correct copy of which is attached hereto as Exhibit "A."

2.  Home Depot was served with a copy of the Summons and Complaint on May 23, 2008. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A," along with all other process, pleadings, and orders that were served on Home Depot by plaintiff, including Notice of Case Assignment which is attached hereto as Exhibit "B."

3.  Home Depot has not yet responded to the Complaint.  No DOE named defendants have not been served to our knowledge.

4.  The above-entitled action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court by defendant Home Depot pursuant to the provision of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has filed a civil rights action and her claims are founded on a claim or right arising under the laws of the United States.

5.  More specifically, the Complaint alleges that it is a civil rights action under the American with Disabilities Act and that Home Depot is liable to Plaintiff for discrimination at their store located in Southern California.  Plaintiff's Complaint seeks remedies under the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq., and complains of numerous alleged violations of the Americans With Disabilities Act by Home Depot.

6.  The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(b).

7.  Defendant Home Depot will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal

1

1  within the law division of the Superior Court of California, County of San Diego, as further required by

2  that Section.

3          8.      The undersigned counsel for Home Depot has read the foregoing and signs the Notice of

4  Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §

5  1446(a).

6          9.      Venue is proper in this Court because the action is being removed from the San Diego

7  Superior Court in the County of San Diego.

8          **WHEREFORE**, Defendant Home Depot prays that the above action now pending against it in

9  the Superior Court of the County of San Diego be removed to this Court.

10

11 Dated: June 19, 2008                              GREENBERG TRAURIG, LLP

12

13                                                   By _____

14                                                      GREGORY F. HURLEY
                                                        EUDEEN Y. CHANG
15                                                      Attorneys for Defendants
                                                        HOME DEPOT USA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**Index**
<u>Sandra Escobedo v. Home Depot USA, Inc.</u>

Exhibit "A"          Summons and Complaint

Exhibit "B"          Notice of Case Assignment

EXHIBIT A

**SUMMONS**
**(CITACIÓN JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SOUTH COUNTY

08 APR 18 PM 4: 17

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
HOME DEPOT USA, INC., a California Corporation, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
SANDRA ESCOBEDO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California South County Division 500 Third Avenue Chula Vista, CA 91910 | CASE NUMBER: *(Número del Caso):* 37-2008-00070035-CU-PO-SC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond M. Contreras, Esq.          LAW OFFICES OF RAYMOND M. CONTRERAS
721 Third Avenue                          Chula Vista, CA 91910
619-425-9500

DATE: APR 1 8 2008
*(Fecha)*                    Clerk, by J. Metras, Deputy
                             *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT · SAN DIEGO COUNTY · CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :
3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Escobedo, Sandra

Exhibit A  Page 1

FILED
SOUTH COUNTY

08 APR 18 FM 4: 18

CLERK... ...
SAN DIEGO COUNTY, CA

1  RAYMOND M. CONTRERAS, ESQ.      SBN: 91960
   THE LAW OFFICES OF RAYMOND M. CONTRERAS
2  721 Third Avenue
   Chula Vista, California 91910
3  Telephone: (619) 425-9500
   Facsimile: (619) 425-3602

4

5  Attorneys for Plaintiff
   SANDRA ESCOBEDO

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN DIEGO, SOUTH COUNTY DIVISION

10 SANDRA ESCOBEDO,              )   CASE NO. 37-2008-00070035-CU-PO-SC
                                 )
11       Plaintiff,              )   COMPLAINT FOR DAMAGES RE:
                                 )   VIOLATION OF CIVIL RIGHTS AND
12 v.                            )   PERSONAL INJURY ON BASIS OF
                                 )   DISCRIMINATION IN PUBLIC
13 HOME DEPOT USA, INC., a California )  ACCOMMODATIONS, DECLARATORY
   Corporation, and DOES 1-10, INCLUSIVE, )  RELIEF, AND NEGLIGENCE
14                               )
         Defendants.            )
15 _____ )

16

17       Plaintiff, SANDRA ESCOBEDO alleges:

18              **FACTS COMMON TO ALL CAUSES OF ACTION**

19 1.      At all times material to this complaint defendant HOME DEPOT USA, INC., a California

20 Corporation was a resident of San Diego County and doing business within the county under the

21 name HOME DEPOT USA, INC.

22 2.      Defendant HOME DEPOT USA, INC., and DOES 1 through 10, inclusive (hereinafter

23 alternatively referred to collectively as "Defendant"), are the owners and operators, lessors and/or

24 lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or

25 franchisees, of the building and/or buildings which constitute a public facility in and of itself,

26 occupied by the above described public facility, public accommodations, and subject to the

27 requirements of federal and state law requiring full and equal access to public accommodations

28 and facilities.

                                      1
        **COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY**

Exhibit _A_  Page _2_

3.      Plaintiff is ignorant of the Defendants sued as Does 1-10 herein, and therefore sues them in their fictitious names as Doe defendants, Plaintiff is informed and believes and thereon alleges that Does 1-10 are the owners, operators, lessees or tenants of the property which is the subject of this action and that each Doe defendant at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein.  Plaintiff will seek leave of the court to amend this complaint to name Doe defendants when the same is ascertained.

4.      Plaintiff is disabled,  afflicted with polio, and other ailments.  She walks with an apparent limp.

5.      Defendants are the owners and operators of the public facility, situated on certain real property, and located at 725 Plaza Ct., Chula Vista, California 91910, and doing business as a "Home Depot."  The public facility, its path of travel, parking, restrooms and its other facilities are each a "public accommodation or facility" subject to the requirements of state and federal law.

6.      Defendant HOME DEPOT USA, INC. Is a public accommodation and subject to the provisions of California Civil Code sections 54 and 54.1 and California Health and Safety Code section 11995, which requires businesses open to the public to maintain business premises free from architectural barriers that obstruct the free and equal use of such premises with disabilities.

7.      Under such circumstances defendants as business operators are required to comply with the provisions of Title 24 of the California Building Code with regard ro accessibility for person with disabilities.

8.      With the last year plaintiff has been a customer of defendants' business and has patronized the premises with the intent to be a customer at all times.  At the time of her visits plaintiff encountered access barriers which prevented her from the equal use and enjoyment of the premises as required by law.  Specifically the premises had the following access barriers pertaining to plaintiff, which consists of shelve storing and heights, merchandise layout, among other barriers.

9.      Based upon the above facts, Plaintiff alleges she as been discriminated against and will

**2**

COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY

Exhibit  A  Page  3

1  continue to be discriminated against unless and until Defendants are enjoined and forced to cease

2  desist from continuing to discriminate against Plaintiff and other similarly situated.

3  10.    Under provisions of Title 24 of the California Building Code, California Civil Code

4  section 54, 54.1 and the California Unruh Civil Rights Act( Cal. Civ. Code sec. 51) defendants

5  are required to remove architectural barriers in existing buildings.  Section 51, 54, and 54.1 also

6  state in pertinent part: "a violation of the right of an individual under the Americans with

7  Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

8  Accordingly the provisions of Title 28 CFR 36.201; 36:203; 36:304 and 36:305 apply to the facts

9  of the this case as well as other provisions of the ADA as it pertains to the removal of access

10  barriers in public accommodations.  Although not required, plaintiff gave defendant notice more

11  than thirty days prior to the filing of this action that plaintiff was denied access to certain parts of

12  the premises because of physical barriers and that defendant could be subject to a lawsuit if

13  access barriers were not removed and the premises made accommodating to persons in

14  wheelchairs.  Plaintiff is informed and believes and thereon alleges that the premise is still in

15  noncompliance with access statutes and regulations.

16  11.    Plaintiff desires to return to Defendants; places of business and utilize their facilities

17  without being discriminated against in the immediate future.

18  12.    Plaintiff is informed and believes and thereon alleges Defendants deliberately and

19  repeatedly placed store merchandise, displays, and other materials on shelves, which makes

20  merchandise unaccessible to disabled person, such as and including the Plaintiff with the

21  knowledge that the placement of such products would violate the law and violate Plaintiff's

22  rights.  Said knowledge is evinced not only by the affirmative act of placing store materials on

23  top of such shelves, but also by at the fact that the defendants, through its representatives, have

24  discussed the issue with disabled rights advocates and been made specifically aware of the

25  problem.  Said knowledge is further evinced by Defendants' policy of agreeing to assist disabled

26  persons with the lowering of merchandise and placement of merchandise on top of carts.  But

27  requiring such disabled persons such as and including the Plaintiff herein, to push her cart

28  knowing full well, and reasonably foreseeable, that the plaintiff would be injured thereby.

**COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY**

Exhibit __A__ Page __4__

1  Defendants and each of them, thereby failed to rendered assistant to the Plaintiff as required by

2  law, failed to make necessary accommodations to the Plaintiff and abandoned the plaintiff

3  thereby.

4  13.     Plaintiff is informed and believes and thereon alleges Defendants have previously

5  covenanted to institute and enforce a policy of not storing such materials, merchandise displays,

6  or otherwise impairing the function of designated disabled accessible parking spaces in any way

7  at Defendants' stores.  Accordingly, Defendants' continuous and repeated placement of such

8  materials and merchandise is despicable conduct in conscious disregard for the rights of disabled

9  persons, including Plaintiff.  Defendant knew that violation of Plaintiff's rights was probable,

10  and Defendants nevertheless deliberately and willfully failed to avoid such probable

11  consequences, thereby demonstrating a conscious disregard for Plaintiff's rights.

12  14.     Thus, when Plaintiff visited the subject public facility and asked for assistance because of

13  her to disability and inability, defendant offered assistance to load merchandise onto her cart, but

14  thereafter refused and denied further assistance, thereby abandoning its duty and abandoned the

15  plaintiff, thus the facilities were not legally accessible to the plaintiff.  Further, defendant thereby

16  inflicted severe personal injuries upon the Plaintiffs, and causing damages to Plaintiffs as

17  hereinafter alleged.

18  15.     As a direct and proximate result of said negligence and carelessness on the part of

19  Defendants, and each of them, Plaintiff were hurt and injured in her health, strength and activity,

20  sustaining injury to their nervous system and person, all of which injuries have caused, and

21  continue to cause, Plaintiff great mental, physical, emotional, and nervous pain and suffering.  As

22  a result of these injuries, Plaintiff has suffered general damages.

23  16.     As a further direct and proximate result of said negligence and carelessness on the part of

24  Defendants, Plaintiff was compelled to, and did, incur expenses for medical care, hospitalization

25  and other incidental expenses and will have to incur additional like expenses in the future, all in

26  amounts presently unknown to Plaintiff, who will therefore ask leave of court either to amend

27  this complaint as to show the amount of medical expenses when ascertained, or prove said

28  amount at time of trial.

COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY

Exhibit A  Page 5

# FIRST CAUSE OF ACTION

## (Violation of Civil Rights-American With Disabilities Act)

17.     Plaintiff realleges the allegations in paragraphs 1 through 16 as though set forth fully herein.  The allegations in this cause of action are based upon the premise that California Civil Code sections 51, 54, and 54.1 incorporate the provisions of the Americans with Civil Rights Act (ADA) and make the violation of the ADA an automatic violation of the California Civil Code upon which this lawsuit is based.

### Claim 1: Denial of Full and Equal Access

18.     Based on the facts asserted above Plaintiff has been denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Defendant business is a public accommodation owned, leased and/or operated be Defendants and each of them.  Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. Section 12182(a).  Thus, Plaintiff was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii)(iv) and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

19.     Plaintiff has a physical impairment as alleged herein because her condition affects one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, her physical impairments substantially limits one or more of the following major life activities: standing, walking, pushing, and engaging in physical strenuous activity.  In addition, Plaintiff cannot perform one or more of the said major life activities in the manner speed, and duration when compared to the average person.  Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A),

### Claim 2: Failure To Remove Architectural Barriers

20.     Based upon the facts alleged herein, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned leased, and/or operated by the named Defendants.  Defendants individually and collectively failed to remove barriers as required by 42 U.S.C. 12182(a) and 28

Exhibit _A_ Page _6_

1  CFR 36.304. Plaintiff is informed and believes, and thus alleges that architectural barriers which

2  are structural in nature exist at the following physical elements of Defendants' facilities:

3  Space Allowance and Reach Ranges, Ground and Floor Surfaces, Ramps, and Stairs. Pursuant to

4  42 USC section 12182(b)(2)(iv) and 28 CFR 36.304 Title III requires places of public

5  accommodation to remove architectural barriers that are structural in nature within existing

6  facilities. Failure to remove such barriers and disparate treatment against a person who has a

7  known association with a person with a disability are forms of prohibited discrimination.

8  Accordingly, Plaintiff was subjected to discrimination I violation of 42 USC 12182(b)(2)(A)(iv)

9  and 42 USC 12182(b)(2)(A)(iv) and 42 USC 12188.

**Claim 3: Failure To Modify Practices, Policies, And Procedures**

10

11  21.  Based on the facts alleged in this Complaint Defendants failed and refused to provide a

12  reasonable alternative by modifying its practices, policies and procedures in that they failed to

13  have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and

14  utilizing Defendants' services, as required by 42 U.S.C. section 12182(b)(2)(A)(iv): 28 CFR

15  36.302 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants'

16  facilities.

17  22.  As a result of the wrongful and discriminatory practices of defendants, plaintiff has

18  suffered actual damages consisting of special damages and general damages in an amount to be

19  determined at time of trial herein.

20  23.  Pursuant to the provisions of 42 USC 12188 plaintiff seeks injunctive relief and an order

21  directing defendants to cease and desist from discriminating against plaintiff and others similarly

22  situated and for an order that defendants comply with the American With Disabilities Act

23  forthwith.

24  24.  Under the provisions of 42 USC 12205 plaintiff is entitled to an award of reasonably

25  attorneys fees and requests that the court grant such fees as are appropriate.

**SECOND CAUSE OF ACTION**

26

**(Violation Of Civil Rights Under California Accessibility Laws)**

27

28  25.  Plaintiff realleges the allegations of the First Cause of Action as though set forth fully

**6**

Exhibit _A_ Page _7_

herein.

### (a)    Denial Of Full And Equal Access

26.    Plaintiff has been denied full and equal access to Defendants' goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants in violation of California Civil Code Sections 54 and 54.1 and California Health and Safety Code Section 19955. The actions of Defendants also violate the provisions of Title 24 of the State of California Building Codes with regard to accessibility for persons with disabilities by failing to provide access to Defendants facilities due to violations pertaining to accessible routes, ground and floor surfaces, shelving, detectable warnings, and signage.

27.    On the above basis Plaintiff has been wrongfully discriminate against.

### (b)    Failure to Modify practices, Policies And Procedures

28.    Defendants have failed and refused and continued to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility by modifying their practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and others similarly situated in entering and utilizing Defendants' goods or services as required by California Civil Code section 54 and 54.1. Accordingly Defendants have wrongfully discriminated against Plaintiff.

### THIRD CAUSE OF ACTION

### (Violation of The Unruh Civil Rights Act)

29.    Plaintiff realleges the allegations of the Second Cause of Action as though set forth fully herein.

30.    Section 51(b) of the Cal. Civ. Code [The Unruh Civil Rights Act], provides in pertinent

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditional is entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

31.    Defendants have violated the provisions of Civ. Code 51 (b) by failing and refusing to

---

**7**

Exhibit _A_  Page _8_

1  provide free and equal access to plaintiff to their facility on the same basis as other persons not

2  disabled. By their failure to provide equal access to Plaintiff as herein alleged, Defendants have

3  also violated 42 U.S.C. section 12182(b)(2)(A)(iv) as provided in Cal. Civ. Codes section 51(f).

4  32.    By reason of their acts and denial of plaintiff's civil rights Defendants also violated the

5  provisions of Cal. Civ. Code section 52, which males a person or entity in violation of Cal. Civ.

6  Code 51 liable for the actual damages to a plaintiff including treble damages where appropriate.

7  33.    Defendants and each of them, at all times prior to the filing of this lawsuit respectively

8  and continuing to the present time, knew that persons with physical disabilities were denied their

9  rights of equal access to all portions of this public facility. Despite such knowledge, Defendants,

10  and each of them, failed and refused to take steps to comply with the applicable access statues by

11  Plaintiff and other similarly situated persons with disabilities.

12  34.    Defendants and each of them have failed and refused to take action to grant full and equal

13  access to person with physical disabilities. Defendants have carries out a course of conduct of

14  refusing to respond to, or correct complaints about unequal access and have refused to comply

15  with their legal obligations to make the subject facility accessible pursuant to the American With

16  Disabilities Guidelines (ADAAG) and the California Building Code [Title 24 of the California

17  Code of Regulations]. Such actions and continuing course of conduct by Defendants, and each

18  of them, evidence despicable conduct in conscious disregard of the rights and/or safety of

19  Plaintiff and those similarly situated and thus justify an award of treble damages pursuant to

20  section 52(a) and 54.3(a) of the Cal. Civ. Code or alternatively an award of punitive damages in

21  an appropriate amount.

22  35.    Plaintiff has damages and continues to suffer such damages all in an amount to be

23  determined at the time of trial.

24  36.    Under the provisions of Cal. Civ. Code section 55 Plaintiff seeks an award of reasonable

25  attorney's fees and costs as a result of having to bring this action. Plaintiff requests the court to

26  award such fees in an appropriate amount.

27

28

COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY

Exhibit  _A_  Page _9_

1      FOURTH CAUSE OF ACTION

2      **(DECLARATORY RELIEF)**

3      37.    Plaintiff realleges and incorporates by reference each and every allegation contained in

4      paragraphs 1-36 of this complaint as though set forth fully herein.

5      38.    An actual controversy now exists in that plaintiff is informed and believes and thereon

6      alleges that Defendants' premises are in violation of the disabled access laws of the State of

7      California including, but not limited to, Civil Code Section 51, et seq., Section 52, et seq., Title

8      24 of the California Code of Regulations and Title III of the Americans with Disabilities Act and

9      the Americans with Disabilities Access Gridlines (ADAAG).

10     39.    A declaration of Plaintiff rights is necessary and appropriate in order for the parties to this

11     action to know their respective rights and duties.  Accordingly, the court should make a

12     declaration of the rights of the parties.

13

14      FIFTH CAUSE OF ACTION

15      **(NEGLIGENCE)**

16     40.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

17     allegations contained in all prior paragraphs of this complaint.

18     41.    Defendants had a duty to exercise ordinary care and to comply with the laws designed for

19     the safety, protection, and access of persons with disabilities.  At all times relevant hereto, there

20     was in effect the Americans with Disabilities Act and the Unruh Civil Rights Act; Title 24 of the

21     California Code of Regulations, and California Health and Safety Code, sections 19955 et seq.,

22     all of which require that public accommodations and facilities provide services to people with

23     physical disabilities which are equal to, and are not inferior to, the services provided patrons who

24     are not physically disabled.  Plaintiff is a member of class that statues are designed to protect.

25     42.    Defendants' acts and omission alleged herein are a violation of statutory requirements

26     and, therefore, constitute negligence per se.

27     43.    As the actual and proximate result of Defendants' failure to exercise ordinary care,

28

**9**

Exhibit  A  Page 10

1  Plaintiff suffered damages in an amount to be determined by proof. In fact, the Plaintiff has

2  suffered the harm that these statues are designed to prevent. Defendants acts have thereby

3  inflicted severe personal injuries upon the Plaintiff, and caused damages to Plaintiff as

4  hereinafter alleged.

5  44.    As a direct and proximate result of said negligence and carelessness on the part of

6  Defendants, and each of them, Plaintiff was hurt and injured in her health, strength and activity,

7  sustaining injury to her nervous system and person, all of which injuries have caused, and

8  continue to cause, Plaintiff great mental, physical, emotional, and nervous pain and suffering. As

9  a result of these injuries, Plaintiff have suffered general damages.

10  45.    As a further direct and proximate result of said negligence and carelessness on the part of

11  Defendants, Plaintiff was compelled to, and did, incur expenses for medical care, hospitalization

12  and other incidental expenses and will have to incur additional like expenses in the future, all in

13  amounts presently unknown to Plaintiff, who will therefore ask leave of court either to amend

14  this complaint as to show the amount of medical expenses when ascertained, or prove said

15  amount at time of trial.

16  46.    Wherefore, Plaintiff prays that this court award damages and provide relief as hereinafter

17  stated.

## DEMAND FOR JURY

19  47.    Plaintiff respectfully requests that the claims made herein be heard and determined by a

20  jury.

21  WHEREFORE PLAINTIFF PRAYS:

22  1.    For general damages according to proof;

23  2.    For special damages according to proof;

24  3.    For damages pursuant to Cal. Civil Code section 52, in the amount of $4,000 for each and

25  every offense of California Civil Code section 51, Title 24 of the California Building Code and

26  the Americans with Disabilities Act.

27  4.    For Injunctive relief and declaratory relief;

28  5.    For an award of attorney's fees pursuant to Cal. Civ. Code section 55;

COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY

Exhibit  A  Page  11

1    6.    For treble damages pursuant to Cal. Civ. Code 52 (a);

2    7.    For punitive damages according to proof;

3    8.    For costs of suit incurred herein and;

4    9.    For such other and further relief as the court deems proper.

6    Respectfully submitted,

8    DATED: April 18, 2008

THE LAW OFFICES OF RAYMOND M. CONTRERAS
By:

RAYMOND M. CONTRERAS, ESQ.
Attorneys for Plaintiff SANDRA ESCOBEDO

---

**11**

**COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY**

Exhibit A Page 12

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 500 Third Avenue |
| MAILING ADDRESS: | 500 Third Avenue |
| CITY AND ZIP CODE: | Chula Vista, CA 91910-5649 |
| BRANCH NAME: | South County |
| TELEPHONE NUMBER: | (619) 691-4400 |

PLAINTIFF(S) / PETITIONER(S):   Sandra Escobedo

DEFENDANT(S) / RESPONDENT(S):  Home Depot USA, INC

ESCOBEDO VS. HOME DEPOT USA, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00070035-CU-PO-SC |
|---|---|

Judge:  William S. Cannon                                    Department: S-04

**COMPLAINT/PETITION FILED:** 04/18/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                        Page: 1

### NOTICE OF CASE ASSIGNMENT



Exhibit _B_ Page _1_

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 650, Irvine, CA 92612.**

    On the date below, I served the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Federal Question)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Raymond M. Contreras, Esq.
The Law Offices of Raymond M. Contreras
721 Third Avenue
Chula Vista, CA 91910
Tel: 619-425-9500
Fax: 619-425-3602

☒ **(BY MAIL)**

    ☐ I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

    ☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Irvine, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY FACSIMILE)**
On Type Date here, I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**
I delivered such envelope by hand to the offices of the addressee. Executed on Type Date here, at Irvine, California.

☒ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 20, 2008, at Irvine, California.

_____
Signature

Stacey Sautter

3

PROOF OF SERVICE

OC286,269,532v2 072031.012900

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SANDRA ESCOBEDO | HOME DEPOT USA, INC., a California Corporation and DOES 1-10, Inclusive |
| **(b)** County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant San Diego |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
| Raymond M. Contreras, Esq. | Gregory F. Hurley, Esq. |
| The Law Offices of Raymond M. Contreras | Greenberg Traurig, LLP |
| 721 Third Avenue | 3161 Michelson Drive, Suite 1000 |
| Chula Vista, CA 91910 | Irvine, CA 92612-4410 |
| 619-425-9500 | 949-732-6500 |

08 JUN 20 PM 1: 06

DEPUTY

'08 CV 1099 JM AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12182

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE June 20, 2008

SIGNATURE OF ATTORNEY OF RECORD
GREGORY F. HURLEY

FOR OFFICE USE ONLY

RECEIPT # 152155   AMOUNT $350   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JAC  6/20/08

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | San Diego |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | San Diego |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 20, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.       Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.       Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.       Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.       Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.       Example:       U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.       Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.       Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152155    — TC**

**June 20, 2008
16:05:03**

**Civ Fil Non-Pris**
USAO #.: 08CV1099
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC63654

**Total—> $350.00**

FROM: SANDRA ESCOBEDO
        VS
        HOME DEPOT