GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
EUDEEN Y. CHANG (SBN 211721)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

Attorneys for Defendant
HOME DEPOT USA, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA ESCOBEDO,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC., a California Corporation, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 08 CV 1099 JM AJB<br><br>**HOME DEPOT USA, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Defendant HOME DEPOT USA, INC. ("Home Depot") hereby answers the Complaint filed by Plaintiff SANDRA ESCOBEDO ("Escobedo") as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. Answering paragraph 1 of the Complaint, Defendant denies it is and was a resident of San Diego County and admits that it was doing business within the county under the name HOME DEPOT USA, INC. at all times material to the Complaint.

2. Answering paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

3. Answering paragraph 3 of the Complaint, paragraph 3 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

4. Answering paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

5. Answering paragraph 5 of the Complaint, Defendant admits that it is the owner and operator of the business "Home Depot" located at 725 Plaza C., Chula Vista, California 91910. The remaining averments contain legal conclusions and legal argument that Defendant is not required to admit or deny.

6. Answering paragraph 6 of the Complaint, paragraph 6 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

7. Answering paragraph 7 of the Complaint, paragraph 7 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

8. Answering paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every averment contained in paragraph 9.

10. Answering paragraph 10 of the Complaint, paragraph 10 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Defendant denies the remaining averments contained in paragraph 10.

11. Answering paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

12. Answering paragraph 12 of the Complaint, Defendant denies each and every averment contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant denies each and every averment contained in paragraph 13.

14. Answering paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

15. Answering paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

16. Answering paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

## FIRST CAUSE OF ACTION

**(Violation of Civil Rights-American With Disabilities Act)**

17. In response to paragraph 17 of the Complaint, Defendant realleges and incorporates herein by this reference, paragraphs 1 through 16 of this Answer as set forth above. Answering paragraph 17 of the Complaint, paragraph 17 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

**Claim 1: Denial of Full and Equal Access**

18. Answering paragraph 18 of the Complaint, Defendant denies each and every averment contained in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis denies them.

**Claim 2: Failure To Remove Architectural Barriers**

20. Answering paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Defendant denies the remaining averments contained in paragraph 20.

**(Claim 3: Failure To Modify Practices, Policies And Procedures)**

21. Answering paragraph 21 of the Complaint, Defendant denies each and every averment contained in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendant denies each and every averment contained in paragraph 22.

23. Answering paragraph 23 of the Complaint, Defendant denies each and every averment contained in paragraph 23.

24. Answering paragraph 24 of the Complaint, Defendant denies each and every averment contained in paragraph. 24.

**SECOND CAUSE OF ACTION**

**(Violation of Civil Rights Under California Accessibility Laws)**

**25.** In response to paragraph 25 of the Complaint, Defendant realleges and incorporates herein by this reference, paragraphs 1 through 24 of this Answer as set forth above.

**(a) Denial of Full and Equal Access**

26. Answering paragraph 26 of the Complaint, Defendant denies each and every averment contained in paragraph. 26.

27. Answering paragraph 27 of the Complaint, Defendant denies each and every averment contained in paragraph. 27.

**(b) Failure to Modify Practices, Policies and Procedures**

28. Answering paragraph 28 of the Complaint, Defendant denies each and every averment contained in paragraph. 28.

**THIRD CAUSE OF ACTION**

**(Violation of The Unruh Civil Rights Act)**

29. In response to paragraph 29 of the Complaint, Defendant realleges and incorporates herein by this reference, paragraphs 1 through 28 of this Answer as set forth above.

30. Answering paragraph 30 of the Complaint, paragraph 30 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

31. Answering paragraph 31 of the Complaint, paragraph 31 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Defendant denies it is liable in any way to Plaintiff based on the allegations Plaintiff's Complaint.

32. Answering paragraph 32 of the Complaint, paragraph 32 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Defendant denies it is liable in any way to Plaintiff based on the allegations Plaintiff's Complaint.

33. Answering paragraph 33 of the Complaint, Defendant denies each and every averment contained in paragraph 33.

34. Answering paragraph 34 of the Complaint, Defendant denies each and every averment contained in paragraph 34.

35. Answering paragraph 35 of the Complaint, Defendant denies each and every averment contained in paragraph 35.

36. Answering paragraph 36 of the Complaint, Defendant denies each and every averment contained in paragraph 36.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief)**

37. In response to paragraph 37 of the Complaint, Defendant realleges and incorporates herein by this reference, paragraphs 1 through 36 of this Answer as set forth above.

38. Answering paragraph 38 of the Complaint, Defendant denies each and every averment contained in paragraph 38.

39. Answering paragraph 39 of the Complaint, Defendant denies each and every averment contained in paragraph 39.

**FIFTH CAUSE OF ACTION**

**(Negligence)**

40. In response to paragraph 40 of the Complaint, Defendant realleges and incorporates herein by this reference, paragraphs 1 through 39 of this Answer as set forth above.

41. Answering paragraph 41 of the Complaint, paragraph 41 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Defendant denies the remaining averments contained in paragraph 41.

42. Answering paragraph 42 of the Complaint, Defendant denies each and every averment contained in paragraph 42.

43. Answering paragraph 43 of the Complaint, Defendant denies each and every averment contained in paragraph 43.

44. Answering paragraph 44 of the Complaint, Defendant denies each and every averment contained in paragraph 44.

45. Answering paragraph 45 of the Complaint, Defendant denies each and every averment contained in paragraph 45.

46. Answering paragraph 46 of the Complaint, Defendant denies each and every averment contained in paragraph 46.

**DEFENDANT'S ADDITIONAL DEFENSES**

As separate and additional defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

2. Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

(Recovery of Prevailing Party Attorney's Fees)

3. Pursuant to 42 U.S.C. § 12205, in the event that Defendant prevails in this action, Defendant should be awarded its reasonable attorney's fees and costs incurred in the defense of this action.

**FOURTH AFFIRMATIVE DEFENSE**

(Privilege)

4. Defendants' conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

**FIFTH AFFIRMATIVE DEFENSE**

(Building Permits)

5. The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

**SIXTH AFFIRMATIVE DEFENSE**

(Good Faith Reliance Upon Local Building Authorities)

6. Plaintiff's Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

(Undue Burden)

7. Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or

California law, and any requirements to make those changes would impose an undue burden upon Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel)

8. Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

(Waiver)

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

10. Plaintiff lacks standing to pursue her alleged claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Mootness)

11. Plaintiff's alleged claims are barred, in whole or in part, because the challenged conditions no longer exist, or have never exited, thus, Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Defenses Under Federal Rules of Civil Procedure)

12. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Were Not Readily Achievable)

13. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of alleged architectural barriers was not readily achievable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Misapplication of Section 51 of the California Civil Code)

14. Plaintiff is barred from recovery under California Civil Code Section 51 because such section does not apply to the alleged conduct at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiff's alleged disability by providing services via alternative methods other than the removal of alleged architectural barriers.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

16. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiff were for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

17. Defendant is informed and believes and based thereon alleges that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

18. Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Dimensional Tolerances)

19. The violations about which Plaintiff complains are within the dimensional tolerances allowed by state and federal laws, regulations, code, guidelines, and industry standards.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Laches)

20. Defendant asserts that Plaintiff's claims are barred by the equitable doctrine of laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Statute of Limitations)

21. Defendant asserts that Plaintiff's claims are bared by the applicable statutes of limitations.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Assumption of Risk)

22. Defendant asserts that Plaintiff voluntarily, with full knowledge of the matters referred to in said Complaint assumed any and all of the risks, hazard and perils of the circumstances referred to in Plaintiff's Complaint and therefore assumed the risk of any injuries or damages sustained by Plaintiff, if any at all.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Comparative Fault)

23. Defendant asserts that the incident(s) alleged by Plaintiff was caused by the negligence and/or fault of other persons, corporations and entities and non-parties to this action, whether named or not named and that the Defendant's liability, if any, should be reduced accordingly.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Reservation of Defenses)

24. Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

## DEFENDANT'S PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant.

2. That Plaintiff take nothing by way of her Complaint.

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: June 27, 2008

GREENBERG TRAURIG, LLP

By /s/ Eudeen Y. Chang
GREGORY F. HURLEY
EUDEEN Y. CHANG
Attorneys for Defendants
HOME DEPOT USA, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(a), Defendant demands trial by jury of any and all issues triable of right by a jury.

Dated: June 27, 2008

GREENBERG TRAURIG, LLP

By /s/ Eudeen Y. Chang
GREGORY F. HURLEY
EUDEEN Y. CHANG
Attorneys for Defendants
HOME DEPOT USA, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 650, Irvine, CA 92612.**

On the below date, I served the **DEPOT USA, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of the United States District Court for the Central District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Raymond M. Contreras, Esq.
The Law Offices of Raymond M. Contreras
721 Third Avenue
Chula Vista, CA 91910
Tel: 619-425-9500
Fax: 619-425-3602

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2008, at Irvine, California.

/s/ Eudeen Y. Chang
Eudeen Y. Chang